MARKEITH E. TURNER,
    Plaintiff

Case No. 1:09-cv-261
Spiegel, J.

vs

UNITED STATES OF AMERICA,
    Defendants

**ORDER**

Plaintiff, an inmate at the United States Penitentiary in Florence, Colorado, brings this civil rights action alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against the United States of America. Plaintiff alleges a violation of his federal constitutional rights as a result of a "[j]udgment on sentence being terminated based on clerical error and amended judgment ending case with an acquittal. Wrongful Imprisonment." (Doc. 1 at 1). The supplemental memorandum in support of the complaint appears to allege that plaintiff's constitutional right against double jeopardy was violated during his criminal trial. (Doc. 4 at 2). Plaintiff's "motion for preliminary injunction" requests that the Court "answer" his complaint. (Doc. 8 at 1). As relief, plaintiff seeks "$500,000 release order." (Doc. 1 at 1).

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted and on the basis that it seeks monetary relief from a defendant who is immune from such relief. Plaintiff was convicted on federal drug charges in the Southern District of Ohio and sentenced to imprisonment. *See United States v. Markeith Turner*, Case No. 1:06-cr-009 (S.D. Ohio). His case is currently on appeal to the United States Court of Appeals for the Sixth Circuit. *See United States v. Markeith Turner*, Case No. 1:06-cr-009 (S.D. Ohio) (Docs.

78, 105).

The instant complaint challenges the validity of plaintiff's conviction and sentence. To the extent plaintiff seeks release from imprisonment, he must pursue his direct appeal from his criminal conviction, then file a federal motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser,* 411 U.S. at 501.

Plaintiff's claim for damages must also be dismissed. Although plaintiff's supplemental memorandum states this action arises under 42 U.S.C. § 1983 (Doc. 4 at 2), plaintiff alleges federal rather than state action. Based on plaintiff's pro se status, the Court shall construe his section 1983 civil rights action as one under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court held that plaintiffs may sue federal officials for denying them their constitutional rights. *Bivens*, 403 U.S. at 390-97. However, a *Bivens* action may be brought only against individual federal officials, not against the United States. *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992), citing *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990). Plaintiff's *Bivens* claim against the United States is barred by sovereign immunity. *Ashbrook*, 917 F.2d at 924. Therefore, plaintiff's *Bivens* claim against the United States must be dismissed.

In addition, plaintiff's damages claim must be dismissed because he has failed to show that his criminal conviction has been reversed on direct appeal, expunged by executive order, declared invalid by an appropriate tribunal, or called into question by the issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also*

3

*Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d

433, 460 (6th Cir. 2006) ("*Heck's* litigation bar applies with equal force to *Bivens* actions."),

*cert. denied*, 549 U.S. 1321 (2007); *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir.

1998)(stating that the "*Heck* holding applies equally to an action brought under *Bivens*" so that

a federal prisoner could not bring a *Bivens* action until demonstrating that his conviction has

been "declared invalid or otherwise impugned as set forth in *Heck*."). Therefore, the complaint

fails to state a claim for relief.

Accordingly, plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: _6/9/09_

S. Arthur Spiegel, Senior Judge
United States District Court